1998 ND 103

STATE of North Dakota, Plaintiff and Appellee,

v.

Rodney W. NEUFELD, Defendant and Appellant.

Criminal No. 970281.

Supreme Court of North Dakota.

May 20, 1998.

Carl O. Flagstad, Minot, for defendant and appellant.

Jonathan R. Byers, Assistant Attorney General, Bismarck, for plaintiff and appellee.

NEUMANN, Justice.

[¶ 1] Rodney Neufeld appeals from a criminal judgment and commitment dated September 4, 1997, entered on a jury verdict of guilty on four counts of gross sexual imposition. We affirm.

[¶ 2] Neufeld was charged with four separate counts of gross sexual imposition under one complaint and information. Counts i, II, and III alleged Neufeld had sexual contact with his stepdaughter when she was between twelve and fourteen years of age. The alleged sexual acts included contact between his penis and her mouth, his penis and her vulva, and his touching the sexual or other intimate parts of her body. Count IV alleged Neufeld engaged in sexual contact with his daughter, by touching her sexual or other intimate parts when she was fourteen years old.

[¶ 3] Neufeld moved to sever the first three counts from the fourth, arguing joinder of the offenses prejudiced him because he intended to testify in Counts I, II and III, but did not intend to testify in Count IV. Neufeld did not offer any indication of what his testimony would entail. The State resisted the motion, arguing joinder is proper under Rule 8, N.D.R.Crim.P., when the offenses are of the same or similar character. The State offered numerous similarities between the offenses charged. The trial court denied the motion for severance based on judicial economy, stating Neufeld had failed to show any real prejudice.

[¶ 4] In chambers before trial, Neufeld renewed his motion to sever on the same grounds. The State resisted. The trial court again denied the motion on the same bases as the original ruling.

[¶ 5] Also prior to trial, Neufeld moved to suppress certain testimony of several proposed witnesses, claiming their testimony would constitute impermissible hearsay, not allowed under any exception.[1] The State resisted the motion. The State argued the proposed witnesses' testimony would not be hearsay, because it would not be offered for the truth of the matter asserted, it would not be considered hearsay under Rule 801(d), or it would fall under an exception to hearsay. The trial court partially denied Neufeld's motion, subject to certain limitations. Under

---

1. Neufeld sought to exclude the testimony of Bernice Jorgensen, Janel Dockter, Nettie Smith, Lori Tande, and Dale Maixner. Of those witnesses, only Lori Tande and Nettie Smith actually testified.

one limitation, the trial court would not allow testimony from others on what Vivian Neufeld may have said. Vivian Neufeld, now deceased, was Rodney Neufeld's wife and his stepdaughter's mother.

[¶ 6] As to the other witnesses, the trial court ruled it would allow the testimony under two circumstances. First, if the victim testified she had made statements to the witnesses, the witnesses would be allowed to testify she made a statement to them. This testimony would be allowed as nonhearsay, as not going to the truth of the matter asserted. Second, the trial court would allow testimony on rebuttal under Rule 801(d)(1)(ii), N.D.R.Evid., if the defendant raised a defense implicating the rule. The trial court deferred making a complete ruling on the motion, stating he would rule on the issues as they came up, rather than making a blanket ruling. The trial court also deferred its ruling as to a tape recorded telephone conversation until the appropriate point in trial.[2]

[¶ 7] The State moved in limine to: (1) preclude questioning of witnesses about any prior drug use, unless there was evidence of a conviction of such a crime under Rule 609, N.D.R.Evid.; and, (2) exclude questioning of either of the victims' sexual activities with other individuals under North Dakota's rape shield statutes. The defense resisted the motion, asserting it needed that evidence to explain why one victim had run away from home to rebut testimony indicating the victim had run away because of Neufeld's alleged conduct. The trial court granted the State's motion to preclude questioning on drug use and on the victims' other sexual activities.

[¶ 8] Five witnesses testified at trial for the State: Neufeld's stepdaughter, Neufeld's daughter, Denise Johnson (Neufeld's ex-wife and mother of his daughter), Nettie Smith, and Lori Tande. Neufeld's stepdaughter testified that when she was twelve to fourteen years of age, Neufeld engaged in numerous sexual activities with her, including fondling, oral sex, and intercourse. Neu-

feld's daughter testified that on one occasion when she was fourteen years of age, her father fondled her by touching and kissing her breasts, touching her pubic hair, and kissing her on the mouth. Denise Johnson testified she had received a letter from her daughter stating her father had molested her. Johnson also stated she confronted Neufeld by telephone and he had admitted to fondling their daughter's breasts. Nettie Smith and Lori Tande testified Neufeld's stepdaughter had told them of Neufeld's sexual misconduct in 1992 or 1993.

[¶ 9] Neufeld testified on his own behalf, denying any of the allegations had occurred. A jury returned a verdict of guilty on all four counts.

[¶ 10] Neufeld appeals, raising three issues:

I. Whether the trial court erred in denying his motion for severance.

II. Whether the trial court erred in allowing hearsay testimony.

III. Whether the trial court erred in limiting his cross-examination of his daughter.

## I. SEVERANCE

[¶ 11] Neufeld argues the trial court erred in denying his motion for severance because he was prejudiced by the joinder. We disagree.

[¶ 12] Rule 8, N.D.R.Crim.P., provides for joinder of offenses and defendants at the pleading stage in three situations: first, if the offenses charged are of the same or similar character; second, if the offenses are based on the same act or transaction; and, third, if the offenses are based on two or more acts or transactions as part of a common scheme or plan. The purpose of the rule is to promote judicial convenience and economy. *State v. Boushee,* 284 N.W.2d 423, 428 (N.D.1979).

[¶ 13] The State offered numerous similarities between the offenses. Allegedly, the offenses committed were: (1) by the same

---

**2.** The trial court's ruling on the admissibility of the audio tape evidence was unclear as to whose responsibility it would be to raise the issue during trial. While it would have been better prac-

tice for the trial court to clearly state the issue needed to be raised again by counsel at the appropriate time during the trial, the admissibility of the audiotape was not raised on appeal.

defendant; (2) at the same location; (3) against victims of similar age; (4) against minors under the parental care of the defendant; (5) offenses involving sexual contact between the defendant and the victims; and (6) discussed between the two victims. On appeal, Neufeld concedes the charged offenses were of the same or similar character. He argues, however, the offenses should have been severed under Rule 14, N.D.R.Crim.P., because he suffered prejudice by the joinder amounting to an abuse of discretion. Rule 14, N.D.R.Crim.P., provides for relief from joinder if it appears a defendant or the prosecution is prejudiced by joinder of offenses or of defendants for trial.

[¶ 14] Whether offenses should be consolidated for trial is left to the trial court's discretion. *State v. Warmsbecker*, 466 N.W.2d 105, 108 (N.D.1991). The trial court's decision will not be reversed unless there is clear abuse of discretion. *Id.; see also State v. Gann*, 244 N.W.2d 746, 750–51 (N.D.1976) (stating consolidation of indictments for trial against an individual defendant reversible error only when there is clear abuse of discretion); *State v. Purdy*, 491 N.W.2d 402, 406 (N.D.1992) (applying clear abuse of discretion standard in review of joinder of indictments against multiple defendants). The defendant bears the burden of demonstrating prejudice caused by joinder. *Boushee*, 284 N.W.2d at 427; *Warmsbecker*, 466 N.W.2d at 109. It is not enough for a defendant to show a separate trial would have afforded him a better chance at acquit-

tal. *Warmsbecker*, 466 N.W.2d at 109. The defendant must show the joinder rendered the trial unfair. *Boushee*, 284 N.W.2d at 428.

[¶ 15] We recognize the defendant's burden is arduous. *See Gann*, 244 N.W.2d at 751 (discussing near nonexistent chance of reversal for failure to sever based on abuse of discretion). However, we also recognize joinder of offenses of the same or similar character is also the most problematic type of joinder because of the obvious dangers of prejudice.[3] *Id.* at 750. Neufeld contends he was prejudiced because he was forced to testify on all four counts, rather than the three counts on which he intended to testify. His argument is unpersuasive. Severance is only required when a defendant has made a convincing showing he has both important testimony to give concerning one count and a strong need to refrain from testifying in another. *United States v. Jardan*, 552 F.2d 216, 220 (8th Cir.1977); *see also United States v. Corbin*, 734 F.2d 643, 649 (11th Cir.1984) (holding no compelling prejudice when defendant expressed only a general desire to testify as to some counts and not others). Neufeld did not offer anything showing how his testimony on the first three counts would prejudice him on the fourth count. Therefore, Neufeld has failed to meet his burden. We see no abuse of discretion in the trial court's joinder of the offenses.

## II. TESTIMONY

[¶ 16] Neufeld argues the trial court erred in allowing testimony from Lori Tande and

---

3. Numerous jurisdictions have considered joinder of sex offenses prejudicial when the evidence supporting each indictment would not have been admissible in the trial of the other. *McKinney v. State*, 82 Md.App. 111, 570 A.2d 360, 368 (1990); *Jenkins v. State*, 472 So.2d 1128, 1130 (Ala.Cr. App.1985). Compare other jurisdictions considering joinder appropriate when the evidence from each offense would have been admissible in the trial of the other. *Bradley v. United States*, 433 F.2d 1113, 1119 (D.C.Cir.1969); *Stevens v. State*, 582 P.2d 621, 629 (Alaska 1978); *Robinson v. United States*, 452 A.2d 354, 358 (D.C.App. 1982). The view of considering the admissibility of evidence of one offense in the trial of the other offense as the most important consideration when reviewing joinder of offenses of the same or similar character seems to be gaining acceptance. C. Wright, Federal Practice and Procedure: Criminal 2d § 143 (1982). However, oth-

er jurisdictions have found joinder to be proper even if some part of the evidence of either incident would be inadmissible when the evidence is simple and distinct. *State v. Abel*, 104 Idaho 865, 664 P.2d 772, 777 (1983); *State v. Whitman*, 431 A.2d 1229, 1233 (R.I.1981). This Court has not adopted the view that joinder is automatically prejudicial if evidence of one offense would be inadmissible at the trial of another offense. *See Boushee*, 284 N.W.2d at 428 (viewing defendant's argument unpersuasive that he was prejudiced by multiple drug charges when the jury had no trouble distinguishing between the charges). However, we recognized in *State v. Osier*, 1997 ND 170, ¶ 9, 569 N.W.2d 441, the prejudice involved in sexual assault cases may be greater than in other types of cases. However, this aspect of the issue of prejudicial joinder was neither raised nor argued by Neufeld.

Nettie Smith. Neufeld contends their testimony was hearsay, not subject to an exception. We disagree.

■ [¶ 17] The trial court has broad discretion in evidentiary matters, and its rulings will only be reversed if its discretion has been abused. *State v. Whalen,* 520 N.W.2d 830, 831 (N.D.1994); *State v. Martinsons,* 462 N.W.2d 458, 460 (N.D.1990).

■ [¶ 18] Neufeld argues Tande and Smith's statements were offered solely to buttress his stepdaughter's testimony and for no other purpose. Neufeld also argues the testimony did not fit within the definition of nonhearsay under Rule 801(d)(1)(ii), N.D.R.Evid. Under Rule 801(d)(1)(ii), "A statement is not hearsay if: ... [t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is ... consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive." Neufeld contends because the statements at issue were not made recently, and the defense did not claim recent fabrication, Rule 801(d)(1)(ii), N.D.R.Evid., does not apply. We disagree. Rule 801(d)(1)(ii), N.D.R.Evid., may be used to rebut a charge of recent fabrication, but it may also be used to rebut implied charges of improper influence or motive. *State v. Janda,* 397 N.W.2d 59, 61 (N.D.1986).

[¶ 19] In *Janda,* we held a witness' testimony was admissible to rebut an implied charge of recent fabrication and an implied charge of improper motive. *Id. Janda* involved a charge of gross sexual imposition. *Id.* The defense attempted to discredit the victim on cross-examination and show she had an improper motive. *Id.* at 62. In response, the State called a witness who testified as to when the victim made a statement to him, what the victim had told him, and what the victim's apparent mental state was at the time she made the statement. *Id.* at 61. The witness' testimony was consistent with the victim's prior testimony and corroborated the victim's assertions. *Id.* at 62. As to the "recentness" requirement of Rule 801(d), we stated, "[i]f the complainant fabricated her story, her fabrications were 're-

cent' in the sense that they were made after the events occurred. Simply because the complainant's 'story did not change from the beginning of the case until trial' does not affect either the fabrication charged or its recentness." *Id.* at 61. Because attempts were made to discredit the complainant's testimony to show improper motive, and because the complainant's veracity was challenged by the defense, we concluded the statement was not hearsay under Rule 801(d), N.D.R.Evid., as the statement made in the cross-examination rebutted an implied charge of recent fabrication and improper motive. *Id.* at 62.

■ [¶ 20] The present case is analogous to *Janda.* Neufeld's stepdaughter testified at trial and was subject to cross-examination by the defense. Motive for the stepdaughter's testimony was an issue in this case. Neufeld, on cross-examination of his stepdaughter, implied she had motivation to lie because Neufeld refused to pay for her student loan and counseling. Neufeld also implied, in his opening statement, his stepdaughter had motivation to lie because she did not receive all of her mother's jewelry when her mother died. The testimonies of Tandi and Smith were offered to show the circumstances surrounding the disclosure. While it would have been better to elicit the testimony of the prior consistent statement after Neufeld testified, the admission during the State's case is not grounds for reversal. *Id.* at 62, n. 2.

[¶ 21] The only relevant issue not addressed by *Janda,* was whether the prior consistent statement must be made prior to the existence of a motive to fabricate. *Id.* at 61, n. 1. The United States Supreme Court stated in *Tome v. United States,* 513 U.S. 150, 158, 115 S.Ct. 696, 701, 130 L.Ed.2d 574, 582–83 (1995), "A consistent statement that predates the motive is a square rebuttal of the charge that the testimony was contrived as a consequence of that motive." In *Tome,* the Supreme Court was analyzing Rule 801(d)(1)(B), F.R.Evid., which is identical to Rule 801(d)(1)(ii), N.D.R.Evid. The Supreme Court held the rule only permits the introduction of a declarant's out-of-court state-

ments to rebut a charge of recent fabrication or improper influence or motive when those statements were made before the charged recent fabrication or improper influence or motive. *Id.* 513 U.S. at 167, 115 S.Ct. at 705, 130 L.Ed.2d at 588.

[¶ 22] Here, the out-of-court statements were made prior to any of the incidents alleged as bases for fabrication, and therefore, under *Janda* and *Tome,* Rule 801(d)(1)(ii), the rule applies. We hold the statements were admissible under Rule 801(d)(1)(ii), N.D.R.Evid., to rebut an implied charge of recent fabrication or improper motive. The trial court did not abuse its discretion in admitting this testimony.

## III. EXAMINATION OF NEUFELD'S DAUGHTER

[¶ 23] Neufeld argues the trial court erred by granting the state's motion in limine limiting his cross-examination of his daughter relating to her drug use and other instances of sexual conduct.

[¶ 24] Although cross-examination is the primary mode of safeguarding the Sixth Amendment right of confrontation, the scope of cross-examination is a matter within the trial court's discretion. *State v. Padgett,* 410 N.W.2d 143, 147 (N.D.1987). Under Rule 608(b), N.D.R.Evid., the trial court may allow impeachment of a witness through cross-examination as to specific instances of conduct, only if the conduct in question is probative of the witness's character for truthfulness or untruthfulness. *State v. Hilsman,* 333 N.W.2d 411, 412 (N.D.1983).

[¶ 25] One of the specific instances of conduct in question is alleged use of methamphetamines by Neufeld's daughter on June 14, 1993. Rodney Neufeld intended this evidence to "tie this in as evidence of character and conduct of the witness ... under Rule 608." The general rule is questioning on drug use, alcohol, or trafficking in drugs is not permitted under Rule 608. 3 Christopher B. Mueller & Laird C. Kirkpatrick, Federal Evidence, § 268 (2d ed.1994); *see also Padgett,* 410 N.W.2d at 148 (stating

being in business of selling marijuana not necessarily indicative of lack of truthfulness under Rule 608, N.D.R.Evid.). "[A] witness's use of drugs may not be used to attack his general credibility." *United States v. Clemons,* 32 F.3d 1504, 1511 (11th Cir.1994). Whether Neufeld's daughter used methamphetamines on June 14, 1993, is not probative of her veracity or character for truthfulness or untruthfulness. Therefore, we do not believe the trial court abused its discretion by precluding cross-examination of Neufeld's daughter on any alleged drug usage.

[¶ 26] Neufeld argues the trial court should not have limited cross-examination of his daughter on the topic of moving in with her boyfriend. Neufeld intended that testimony to challenge her credibility as to why she left home. Neufeld claims North Dakota's rape shield statute under N.D.C.C. § 12.1-20-14 does not apply because his daughter's sexual conduct was not the defense he was trying to raise.

[¶ 27] Neufeld's argument is without merit. The State's motion in limine asked the trial court to exclude two things: (1) questioning on drug use, and (2) questioning of either victim about sexual activities with other individuals. The trial court granted the motion. Section 12.1-20-14(2), N.D.C.C., provides:

> "If the prosecuting attorney introduces evidence, including testimony of a witness, or the complaining witness gives testimony as a witness, and such evidence or testimony relates to the complaining witness' sexual conduct, the defendant may cross-examine the witness who gives such testimony and offer relevant evidence limited specifically to the rebuttal of such evidence introduced by the prosecuting attorney or given by the complaining witness."

It is clear from this statute, evidence of a complaining witness's sexual conduct may be brought up in cross-examination only when the prosecution has first introduced the evidence, and then only by limited rebuttal.[4] Section 12.1-20-15, N.D.C.C., requires the defense to move in writing in advance of trial, if evidence of sexual conduct is to be

---

4. While not argued by either party, Rule 412, N.D.R.Evid., also provides such evidence of an

alleged victim's sexual behavior is generally not admissible.

used to attack the credibility of the complaining witness. No such motion was made here. The trial court's ruling did not preclude Neufeld from cross-examining his daughter on why she ran away from home. The trial court's ruling only preluded questioning on drug use and the sexual conduct of the victims.

[¶ 28] A review of the record shows Neufeld cross-examined his daughter as to why she ran away from home. Neufeld's daughter testified she ran away for several reasons, including problems dealing with what her father, Neufeld, had done to her, and problems with her stepfather. The defendant cannot claim prejudice because the questions he asked did not elicit the answers he wanted. Neufeld was not prejudiced by the trial court's ruling, as he was able to ask the questions of his daughter as to why she left home. Therefore, the trial court did not abuse it's discretion by precluding evidence of the past sexual conduct of the victims.

[¶ 29] Because the defendant has failed to show any abuse of discretion by the trial court on the issues presented, the judgment and conviction are affirmed.

[¶ 30] VANDE WALLE, C.J., and SANDSTROM, MESCHKE and MARING, JJ., concur.

