2015 ND 192

**STATE of North Dakota, Plaintiff and Appellee**

**v.**

**Tyler James JENNEWEIN, Defendant and Appellant.**

**City of Grand Forks, Plaintiff and Appellee**

**v.**

**Tyler James Jennewein, Defendant and Appellant.**

**Nos. 20140368, 20140369.**

Supreme Court of North Dakota.

Aug. 5, 2015.

Rehearing Denied Aug. 25, 2015

Carmell F. Mattison, Grand Forks County State's Attorney Office, and Aaron Weber (on brief), under the Rule on Limited Practice of Law by Law Students, Grand Forks, N.D., for plaintiff and appellee.

Sarah W. Gereszek, Grand Forks, N.D., for plaintiff and appellee.

Kiara C. Kraus–Parr, Grand Forks, N.D., for defendant and appellant.

CROTHERS, Justice.

[¶ 1] Tyler James Jennewein appeals from criminal judgments entered on jury verdicts finding him guilty of class A misdemeanor driving under the influence of liquor or drugs and class B misdemeanor driving under suspension. Because we conclude the district court did not abuse its discretion in its challenged rulings and did not misapply the law, we affirm.

I

[¶ 2] During the early morning hours of October 5, 2013, a Grand Forks police officer stopped a vehicle after observing it screech to a halt at an intersection, causing a group of people to jump out of the crosswalk. The officer approached the vehicle and found Jennewein sitting in the front passenger seat. While the officer spoke with Jennewein, Jennewein's girlfriend ran up to the vehicle and sat in the driver's seat. The officer went to the driver's side of the vehicle to speak with Jennewein's girlfriend and noticed a glass marijuana pipe lying on the ground below the driver's side window. Jennewein denied driving the vehicle, Jennewein's girlfriend said she had been driving and neither Jennewein nor his girlfriend claimed possession of the pipe. The officer returned to the passenger side of the vehicle and observed that Jennewein exhibited signs of intoxication. After Jennewein performed field sobriety tests, the officer placed him under arrest for driving under the influence, driving under suspension and possession of drug paraphernalia.

[¶ 3] Jennewein's first trial in July 2014 resulted in a mistrial. A second trial was held on September 30 and October 1, 2014. Jennewein's defense was that he was not the driver of the vehicle, his girl-

friend was the driver and the paraphernalia was not his. Jennewein's girlfriend testified as a witness for the prosecution and on cross-examination admitted she was the driver of the vehicle. Jennewein rested without testifying or presenting any evidence. The jury found Jennewein guilty of driving under the influence and driving under suspension, but not guilty of possessing drug paraphernalia. The conviction was Jennewein's third alcohol-related driving offense within seven years, and his sentence included one year of supervised probation with one year of participation in the 24/7 sobriety program.

## II

[¶ 4] Jennewein argues the district court erred in allowing the prosecution to introduce into evidence two certified copies of criminal driving under the influence judgments because the prosecution failed to disclose the documents prior to trial in violation of N.D.R.Crim.P. 16.

[¶ 5] The criminal information charged that the October 5, 2013, incident was Jennewein's "third offense in seven years," making the crime a class A misdemeanor. *See* N.D.C.C. § 39–08–01(3). On December 10, 2013, Jennewein made a "continuing" request for discovery from the State, including his "criminal record." Jennewein received a driver abstract issued by the Department of Transportation. At the first trial, Jennewein stipulated this charge would be a third offense and the jury instructions did not include as an element of the crime proof of the prior convictions. Before the second trial, the prosecution submitted identical proposed jury instructions and Jennewein requested pattern jury instructions which did not require proof of the two prior convictions to establish the class A misdemeanor level of the offense. At a final dispositional conference on September 26, 2014, Jennewein's attor-

ney informed the court and the prosecution she was not stipulating to "everything," but did not mention she was no longer stipulating to the prior offenses.

[¶ 6] On the first day of trial the prosecution learned Jennewein would not stipulate to the two prior offenses. That same day the prosecution acquired certified copies of criminal judgments from Grand Forks Municipal Court and Clay County, Minnesota. The prosecution informed the district court it would be amending the jury instructions to require proof of the prior convictions as an element of the offense. On the second day of trial, Jennewein objected to admission of the certified copies of the convictions on the ground the prosecution violated its discovery obligations because "they've had a year to get me this information [and] they've chosen the second day of trial." The court denied Jennewein's objection and the certified copies of the convictions were admitted into evidence.

[¶ 7] Rule 16, N.D.R.Crim.P., governs discovery in criminal cases and provides in subsection (a)(1)(C):

> "(C) Defendant's Previous Record. Upon a defendant's written request, the prosecution must furnish the defendant with a copy of the defendant's prior criminal record, if any, that is within the prosecution's possession, custody, or control if the prosecuting attorney knows—or through due diligence could know—that the record exists."

"Rule 16 is a discovery rule, not a constitutional mandate, and is designed to further the interests of fairness." *City of Grand Forks v. Ramstad*, 2003 ND 41, ¶ 17, 658 N.W.2d 731. If a party fails to comply with the discovery rules, a district court may "prohibit that party from introducing the undisclosed evidence." N.D.R.Crim.P. 16(d)(2)(iii). A court has discretion in applying a remedy for a discovery violation

under N.D.R.Crim.P. 16(d)(2) and we will not disturb its decision unless the court abused its discretion. *Ramstad,* at ¶ 17. "The district court abuses its discretion only when it acts in an arbitrary, unreasonable, or unconscionable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination." *State v. Schmidt,* 2012 ND 120, ¶ 20, 817 N.W.2d 332 (internal quotation marks and citation omitted).

[¶ 8] Under N.D.R.Crim.P. 16(a)(1)(C), the prosecution must furnish the defendant a copy of his criminal record "that is within the prosecution's possession, custody, or control." Here, Jennewein was provided his driver abstract and decided to stipulate to the two prior convictions during the first trial. The prosecution, therefore, had no need to obtain evidence of the convictions at that time. *See State v. Saul,* 434 N.W.2d 572, 575 (N.D.1989) ("We hold that if the defendant stipulates to prior convictions when charged under the enhancement provisions of Section 39–08–01, the submission of evidence of the defendant's prior convictions to a jury constitutes prejudicial and reversible error."). During the second trial, Jennewein changed his strategy and informed the prosecution he no longer would stipulate to the convictions. Upon learning of Jennewein's change of strategy, the prosecution obtained certified copies, turned them over to Jennewein upon their receipt and offered them into evidence. Jennewein cannot lead the prosecution into believing certified copies of the convictions would be unnecessary and then complain of a discovery violation when he receives those documents only upon communicating his last-minute change of trial strategy. Rather, on this record we conclude the prosecution complied with Rule 16 when it acquired and produced copies of the convictions soon after it knew evidence of the convictions was necessary due to Jennewein's change of strategy.

[¶ 9] Jennewein nevertheless contends he suffered substantial prejudice because the jury was not instructed that he. must have had counsel or properly waived counsel for the prior convictions to be valid for purposes of finding him guilty of the class A misdemeanor charge. *Cf. State v. Orr,* 375 N.W.2d 171, 179 (N.D. 1985) ("[T]he State, in seeking to imprison Orr as a second offender based on his earlier presumptively void uncounseled conviction, had the burden to overcome this presumption once Orr raised the issue in a pretrial proceeding by resisting the motion to amend." (footnote omitted)). However, Jennewein did not request that additional instructions be given to the jury. "Under N.D.R.Crim.P. 30(c), failure to object at trial to jury instructions when there was an opportunity to do so operates as a waiver of the right on appeal to complain of instructions that either were or were not given." *State v. Mathre,* 2004 ND 149, ¶ 21, 683 N.W.2d 918. "[I]f a defendant desires a more comprehensive instruction on any point of law than what the [district] court has indicated it will give, the defendant must request specific written instructions, and if the defendant fails to do so he cannot predicate error upon omissions in the charge given." *State v. Erickstad,* 2000 ND 202, ¶ 18, 620 N.W.2d 136.

[¶ 10] We conclude Jennewein has failed to establish the prosecution violated the discovery rules. The district court did not abuse its discretion in admitting the certified copies of the convictions into evidence.

### III

[¶ 11] Jennewein argues the district court erred in refusing to grant his motion to sever for separate trials the offenses of driving under the influence and

under suspension, and possession of drug paraphernalia.

[¶ 12] Under N.D.R.Crim.P. 8(a), two or more offenses may be joined for trial if the offenses charged "are of the same or similar character or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Under N.D.R.Crim.P. 14(a), a district court may order separate trials of counts if joinder of offenses "appears to prejudice a defendant." In *State v. Freed*, 1999 ND 185, ¶ 11, 599 N.W.2d 858, this Court explained: ·

"The purpose of N.D.R.Crim.P. 8 is to provide judicial convenience and economy. *State v. Neufeld*, 1998 ND 103, ¶ 12, 578 N.W.2d 536. 'The purpose of Rule 14· is to promote economy and efficiency and to avoid a multiplicity of trials, where these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial.' *State v. Purdy*, 491 N.W.2d 402, 405 (N.D.1992). A decision to consolidate offenses at trial is left to the discretion of the trial court, and we will reverse a trial court's decision only if there is a clear abuse of discretion. *State v. Warmsbecker*, 466 N.W.2d 105, 108 (N.D.1991). 'Under · Rule 14, an aggrieved defendant may seek relief from prejudicial joinder,' but 'has the burden of demonstrating substantial prejudice from a consolidated trial.' *Warmsbecker*, 466 N.W.2d at 109. '[T]he defendant's burden is arduous.' *Neufeld*, at ¶ 15. 'A mere showing that a separate trial would have provided a better chance of an acquittal will not suffice.' *Warmsbecker*, 466 N.W.2d at 109."

[¶ 13] Where, as here, a motion for severance is not renewed at the close of evidence, the severance issue is not preserved and we review for obvious error under N.D.R.Crim.P. 52(b). *State v. Bin-*

*gaman*, 2002 ND 202, ¶¶ 7, 8, 655 N.W.2d 51. ·

"Our Court has stated that it will only exercise its power to notice obvious error in 'exceptional circumstances where the accused has suffered serious injustice.' *State v. Johnson*, 2001 ND 184, ¶ 12, 636 N.W.2d 391. We exercise our power to find obvious error cautiously and have very rarely found obvious error under Rule 52(b). *See Johnson*, at ¶ 12. 'An alleged error does not constitute obvious error unless there is a clear deviation from an applicable legal rule under current law.' *State v. Miller*, 2001 ND 132, ¶ 25, 631 N.W.2d 587. In order to prove that obvious error occurred, [the defendant] would have the burden of showing: '(1) error, (2) that is plain, and (3) that affects substantial rights.' *Id.*"

*Bingaman*, at ¶ 9. ·

[¶ 14] Jennewein argues he suffered substantial prejudice by consolidation of the offenses because he would have been forced to testify about all of the offenses had he chosen to testify. Jennewein claims he needed to testify he was not driving the vehicle to avoid the driving under the influence and under suspension charges, and he had a strong need to refrain from testifying on the possession of paraphernalia charge. However, no compelling prejudice is shown where a defendant asserts only a general desire to testify about some counts and not others. *See Neufeld*, 1998 ND 103, ¶ 15, 578 N.W.2d 536. ·

[¶ 15] We have reviewed the record and conclude Jennewein has not established obvious error under N.D.R.Crim.P. 52(b).

## IV

[¶ 16] Jennewein argues the prosecution committed reversible error by

commenting during closing argument on his failure to testify.

[¶ 17] During closing argument, the prosecutor stated: "Corporal Lammers testified that the defendant admitted, 'I'm drunk.' There hasn't been any testimony today to dispute that. Mr. Jennewein was drunk that night." The district court overruled Jennewein's objection to the comment. Jennewein claims the prosecutor's statement was an indirect comment on his failure to testify. The prosecution argues the statement did not infer Jennewein failed to testify, but "was simply a comment on the strength of the prosecution's case based on the testimony received during trial."

[¶ 18] In *State v. Myers*, 2006 ND 242, ¶ 7, 724 N.W.2d 168, we said:

"It is a fundamental principle of constitutional law that a prosecutor may not comment on a defendant's failure to testify in a criminal case. *State v. His Chase*, 531 N.W.2d 271, 273 (N.D.1995); *State v. Flohr*, 310 N.W.2d 735, 736 (N.D.1981). 'A comment on the silence of a defendant is an improper comment on the right to remain silent in violation of the Fifth and Fourteenth Amendments of the [United States] Constitution.' *State v. Ebach*, 1999 ND 5, ¶ 15, 589 N.W.2d 566. *See also* N.D. Const. art. I, § 12; N.D.C.C. § 29–21–11. This Court reviews de novo a claim of a constitutional rights violation. *State v. Keyes*, 2000 ND 83, ¶ 9, 609 N.W.2d 428."

"Generally, '[a] statement that certain evidence is uncontroverted or unrefuted or uncontradicted does not constitute a comment on the accused's failure to testify where the record indicates that persons other than the accused could have offered contradictory testimony." *State v. Gibbs*, 2009 ND 44, ¶ 25, 763 N.W.2d 430 (internal quotation marks and citation omitted). In

analyzing a claim that a particular comment was impermissible, we ask: " 'Was the language used manifestly intended to be, or was it of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify[?]' " *State v. Nordquist*, 309 N.W.2d 109, 119 (N.D.1981) (quoting *United States v. Whitehead*, 618 F.2d 523, 527 (4th Cir.1980)). If an impermissible comment was made, we must be able to declare the error was harmless beyond a reasonable doubt after considering the entire record to affirm the conviction. *See State v. Scutchings*, 2009 ND 8, ¶ 14, 759 N.W.2d 729.

[¶ 19] In *Scutchings*, 2009 ND 8, ¶¶ 1, 13, 15, 759 N.W.2d 729, we held that where the defendant did not testify and rested without calling any witnesses, an improper comment during closing argument on the defendant's failure to testify constituted reversible error. *Scutchings* involved a prosecution for corruption or solicitation of a minor and the victim was the only State witness who observed the actions which formed the basis for the criminal charge and the defendant was the only person who could have rebutted or contradicted the victim's testimony. *Id.* at ¶¶ 1, 3, 13. The defendant did not testify and rested without presenting evidence in his defense. *Id.* at ¶ 3. During closing argument, the State stressed that the victim's credibility was the pivotal issue and stated to the jury: " 'What do you have to refute [the victim's] testimony? Nothing.' " *Id.* at ¶¶ 13, 15. We reversed because it was not "clear beyond a reasonable doubt that absent the prosecutor's improper comments the jury would have returned a verdict of guilty in this case." *Id.* at ¶ 15.

[¶ 20] *Scutchings* is different than this case. First, although Jennewein did not testify and rested without presenting any evidence, his defense to the charges was

that he was not the driver of the vehicle and the paraphernalia was not his. It is apparent that Jennewein's intoxication was not contested during the trial. Jennewein's attorney agreed during a bench conference that she stipulated in opening arguments that Jennewein was drunk and reiterated this position during her closing argument by referring to Jennewein's "intoxicated state." Second, Jennewein's girlfriend was called as a witness during the prosecution's case-in-chief and on cross-examination testified she was the driver of the vehicle. Consequently, Jennewein was able to elicit testimony in support of his defense that he was not the driver. The prosecutor's challenged comments related to an uncontested issue.

[¶ 21] Assuming the prosecutor's remarks were improper comments on Jennewein's failure to testify, we conclude from our review of the entire record that the error was harmless beyond a reasonable doubt.

## V

[¶ 22] Jennewein argues the district court erred in sentencing him to one year of participation in the 24/7 sobriety program without allowing day for day credit for the pretrial time he had completed in the 24/7 sobriety program which was made a condition of his bond.

[¶ 23] "[A] district court is allowed the widest range of discretion in sentencing, and appellate review of the sentence itself focuses only on whether the district court 'acted within the limits prescribed by statute, or substantially relied on an impermissible factor.'" *State v. Wardner*, 2006 ND 256, ¶ 27, 725 N.W.2d 215 (quoting *State v. Ennis*, 464 N.W.2d 378, 382 (N.D.1990)).

[¶ 24] Before trial, Jennewein was ordered to participate in the 24/7 sobriety program as a condition of his bond, which was within the district court's discretion. *See* N.D.C.C. § 54–12–31. At sentencing, N.D.C.C. § 39–08–01(5)(c) provided that "[f]or a third offense within seven years, the sentence must include ... at least one years' supervised probation; and participation in the twenty-four seven sobriety program under chapter 54–12 as a mandatory condition of probation." Jennewein has pointed to no statutory provision requiring that he receive day for day credit for pretrial time spent participating in the 24/7 sobriety program.

[¶ 25] Effective April 15, 2015, the 64th Legislative Assembly amended and enacted N.D.C.C. § 39–08–01(5)(j), which provides in part "[i]f the individual has participated in the twenty-four seven sobriety program as a condition of pretrial release ... the sentencing court may give credit for the time the individual has already served on the twenty-four seven sobriety program when determining the amount of time the individual must serve on the twenty-four seven sobriety program for the purposes of probation, if that individual has not violated the twenty-four seven sobriety program before sentencing." S.B. 2052, § 6, 64th N.D. Legis. Sess. Although Jennewein contends the case should be remanded for resentencing because this provision has retroactive application, the Legislature only made retroactive certain amendments to subsection 1 of N.D.C.C. § 39–08–01, not amendments to subsection 5 of N.D.C.C. § 39–08–01. *See* S.B. 2052, § 14, 64th N.D. Legis. Sess.

[¶ 26] We conclude the district court acted within the limits prescribed by statute, did not substantially rely on an impermissible factor and did not misapply the law.

## VI

[¶ 27] It is unnecessary to address other arguments raised because they either

are unnecessary to the decision or are without merit. The criminal judgments are affirmed.

[¶ 28] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.