2017 ND 52

**CITY OF GRAND FORKS,**
**Plaintiff and Appellee**

v.

**Fritz Thomas OPP, Defendant**
**and Appellant**

**No. 20160329**

Supreme Court of North Dakota.

Filed 3/7/2017

Rehearing Denied March 30, 2017

Kristi Pettit Venhuizen, 311 S. Fourth St., Ste. 103, Grand Forks, ND 58201, for plaintiff and appellee.

DeWayne A. Johnston, 221 S. Fourth St., Grand Forks, ND 58201, for defendant and appellant.

Crothers, Justice.

[¶ 1] Fritz Opp appeals from the district court's order denying his motion to suppress evidence and dismiss the charges, the judgment entered after a jury found him guilty of refusing to submit to chemical testing and the district court's order denying his motion for a new trial. Opp argues his Fourth and Fifth Amendment rights were violated and the district court erred in consolidating his two charges into one trial. We affirm.

I

[¶ 2] Opp was stopped for speeding by a Grand Forks police officer in the early morning hours of October 30, 2015. The officer testified he observed Opp's eyes were red, watery and bloodshot, Opp had a delayed reaction during questioning and admitted to drinking that night. The officer asked Opp to step out of his vehicle and perform field sobriety tests. Opp responded that he would do what was required by law. The officer proceeded with field sobriety testing. The officer administered the horizontal gaze nystagmus test, observing six out of six clues. The officer then administered the partial alphabet test, the full alphabet test and asked Opp to perform a backwards number count. Opp took an onsite screening test. Because the testifying officer was not certified to administer the onsite screening test an assisting officer arrived and administered the test. Following the tests Opp was arrested for driving under the influence.

[¶ 3] The officer testified he read Opp the implied consent advisory and requested Opp submit to an intoxilyzer chemical breath test. According to the officer Opp's response was "no." The officer renewed his request after Opp questioned him about the breath test. The officer testified he asked Opp multiple times to take the intoxilyzer test and Opp never agreed to take it. The officer charged Opp with refusing to submit to chemical testing.

[¶ 4] Opp filed a motion to suppress evidence and dismiss the charges. The district court entered an order denying Opp's motion to suppress evidence and dismiss the charges. One jury trial was held on both charges. The jury found Opp guilty of refusing to submit to a chemical test and not guilty of driving under the influence. Opp filed a motion for a new trial, arguing he was entitled to separate trials for each of the charges. The district court entered an order denying Opp's motion for a new trial. Opp appeals.

II

[¶ 5] Opp argues his Fourth and Fifth Amendment rights were violated when the officer had him perform field sobriety tests after telling the officer he would only do what was required by the law. The City of Grand Forks contends Opp is barred from raising these issues on appeal because they were not properly preserved in his motion for a new trial.

[¶ 6] Under N.D.R.Crim.P. 33(a), a defendant moving for a new trial "must specify the alleged defects and errors with particularity." "A defendant is required to assert all alleged errors in a motion for new trial." State v. Middleton, 2012 ND 181, ¶ 5, 820 N.W.2d 738 (citing State v. Jordheim, 508 N.W.2d 878, 880–81 (N.D. 1993)). "A motion for a new trial is not necessary for appellate review, but if a defendant moves for a new trial he is limited on appeal to the grounds presented to the district court in the motion." Id. (citations omitted).

[¶ 7] Opp is limited on appeal to the issues he raised in his motion for a new trial. In Opp's motion he argued he was entitled to separate trials for each of the charges. Opp did not argue his Fourth and Fifth Amendment rights were violated.

[¶ 8] Opp has not requested this Court review the issues he raised on appeal for obvious error under N.D.R.Crim.P. 52(b). This Court does not automatically apply obvious error analysis to issues raised on appeal that were not raised in a motion for a new trial. State v. Ratliff, 2014 ND 156, ¶ 25, 849 N.W.2d 183. "This Court exercises its authority to notice obvious error cautiously and only in exceptional circumstances in which the defendant has suffered a serious injustice." State v. Costa, 2016 ND 65, ¶ 16, 877 N.W.2d 46 (quoting State v. Schmidkunz, 2006 ND 192, ¶ 6, 721 N.W.2d 387). This case is not an exceptional circumstance in which Opp has suffered a serious injustice and we will not review Opp's Fourth and Fifth Amendment arguments raised on appeal for obvious error.

### III

[¶ 9] Opp argues he was entitled to separate trials on his driving under the influence and criminal refusal charges. Opp raised this argument in his motion for a new trial. The district court denied Opp's motion for a new trial, finding he failed to establish substantial prejudice from a consolidated trial. "A district court's denial of a motion for a new trial is reviewed under the abuse-of-discretion standard." City of Jamestown v. Hanson, 2015 ND 249, ¶ 6, 870 N.W.2d 195 (quoting Estate of Gassmann, 2015 ND 188, ¶ 23, 867 N.W.2d 325). "Whether offenses should be consolidated for trial is left to the trial court's discretion." State v. Neufeld, 1998 ND 103, ¶ 14, 578 N.W.2d 536. North Dakota Rule of Criminal Procedure 8(a) allows the joinder

of two or more offenses for trial if the offenses charged "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." A district court may order separate trials if joinder of offenses "appears to prejudice a defendant. . . ." N.D.R.Crim.P. 14(a); State v. Jennewein, 2015 ND 192, ¶ 12, 867 N.W.2d 665. In Jennewein, this Court explained:

> "Under Rule 14, an aggrieved defendant may seek relief from prejudicial joinder, but has the burden of demonstrating substantial prejudice from a consolidated trial. [T]he defendant's burden is arduous. A mere showing that a separate trial would have provided a better chance of an acquittal will not suffice."

Id. (quoting State v. Freed, 1999 ND 185, ¶ 11, 599 N.W.2d 858) (internal citations and quotations omitted).

[¶ 10] Opp argues he suffered prejudice by the consolidation of the charges because he was forced to forgo a defense to the refusal charge. Specifically, Opp argues he was not allowed to present evidence that he had taken the preliminary breath test to defend the refusal charge. Opp argues presenting the breath test evidence, reflecting a reading over the legal limit, would be prejudicial to his driving under the influence charge.

[¶ 11] Opp contends he properly preserved the consolidation of charges issue for review by objecting to the consolidation of the trial at the motion to suppress hearing and bringing the issue to the district court's attention at the end of the trial. This Court has held "a motion for severance must be renewed at the close of evidence in order for the objection to joinder to survive." State v. Bingaman, 2002 ND 202, ¶ 7, 655 N.W.2d 51. Opp did not bring a motion for severance at the close of evidence. At the motion to suppress

hearing and at the end of trial, Opp's counsel discussed with the district court his concerns regarding how the merging of the two charges would occur at sentencing. Because Opp did not bring a motion for severance at the close of evidence, this issue is not preserved for our review.

[¶ 12] Opp has not requested this Court review this issue for obvious error under N.D.R.Crim.P. 52(b). This Court exercises its power to notice obvious error only "in exceptional circumstances where the accused has suffered serious injustice." Jennewein, 2015 ND 192, ¶ 13, 867 N.W.2d 665 (internal citations omitted).

[¶ 13] Opp argues he suffered prejudice because he wished to present evidence to defend the refusal charge, but could not because it would be harmful to the driving under the influence charge. Upon review of the record, Opp has not established obvious error under N.D.R.Crim.P. 52(b). See Jennewein, 2015 ND 192, ¶ 14, 867 N.W.2d 665 ("[N]o compelling prejudice is shown where a defendant asserts only a general desire to testify about some counts and not others.").

### IV

[¶ 14] We affirm the district court's order denying Opp's motion to suppress evidence and dismiss the charges, the judgment entered after a jury found him guilty of refusing to submit to chemical testing and the district court's order denying his motion for a new trial.

[¶ 15] Daniel J. Crothers

Lisa Fair McEvers

Carol Ronning Kapsner

Jerod E. Tufte

Gerald W. VandeWalle, C.J.