# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2020 ND 38

State of North Dakota,  Plaintiff and Appellee

v.

Lansana Solo Sah,  Defendant and Appellant

### No. 20190173

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable John Charles Irby, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Renata J. Olafson Selzer, Assistant State's Attorney and Emily J. Christensen (on brief), under the Rule on Limited Practice of Law by Law Students, Fargo, ND, for plaintiff and appellee; submitted on brief.

Samuel A. Gereszek, Grand Forks, ND, for defendant and appellant; submitted on brief.

**McEvers, Justice.**

[¶1]   Lansana Sah appeals from a criminal judgment after a jury found him guilty of gross sexual imposition and child abuse following denial of a motion for new trial.  Sah argues the district court abused its discretion by admitting other prior bad acts of abuse as evidence.  We affirm the criminal judgment.

I

[¶2]   In December 2017, Officer Derek Johnson of the Fargo Police Department responded to a middle school where G.U., an 11 year old student, had disclosed to the counselor that she had been abused.  G.U. reported to the counselor and Officer Johnson that she and her siblings had been abused by her mother and stepfather, Sah.  G.U. reported she would commonly be hit with belts, shoes, spoons, other items, or hit with an open hand. Officer Johnson interviewed G.U.'s sibling, who corroborated the abuse and said she also had been hit with items like shoes, belts, and spoons.  After interviewing G.U.'s younger sister, Johnson interviewed G.U. again with a social worker and G.U. disclosed she had been sexually abused.  G.U. disclosed there were multiple times when Sah had crushed up a pepper and placed it in her vagina as punishment.  She also disclosed that he stuck his penis in her vagina and claimed that it was punishment.

[¶3]   In March 2018, Sah was charged with gross sexual imposition (count 1) and child abuse (count 2), alleging offense dates on or about January 1, 2015 to December 5, 2017.  Count 1 alleged Sah "had sexual contact with G.U. yob 2006" and Sah "was her step father over the age of 22, yob 1984."  Count 2 alleged Sah "[c]aused bodily injury and/or mental injury by 'peppering' G.U. yob 2006 by placing crushed up peppers in her genitals as punishment."

[¶4]   A trial was held on February 26-28, 2019.  At trial, Officer Johnson testified he saw physical injuries on G.U.'s shoulder, which he photographed. Sah objected twice, both on the grounds of relevance, which were overruled. G.U. also testified when Sah first started to abuse her, he would hit her with

belts, and on one occasion drove her to the woods and then punched her in the face repeatedly after accusing her of stealing money. Sah again objected twice as to relevance, which were again overruled. G.U. also testified about the incidents where Sah placed peppers and his penis in her vagina.

[¶5] Sah was found guilty of GSI and child abuse. Sah moved for a new trial, arguing his motion under N.D.R.Crim.P. 29 should have been granted because the instances of abuse other than the "peppering" were inadmissible. The motion was denied. Sah was sentenced and a criminal judgment was entered. Sah appeals from the criminal judgment.

II

[¶6] Sah argues the district court abused its discretion by admitting the evidence of abuse other than the peppering because these incidents were "prior bad acts." Specifically, Sah argues the court abused its discretion by not analyzing N.D.R.Ev. 403 and 404(b) and not giving a cautionary instruction.

[¶7] Sah concedes the appeal is limited to issues raised in his motion for a new trial.

> Under N.D.R.Crim.P. 33(a), a defendant moving for a new trial must specify the alleged defects and errors with particularity. A defendant is required to assert all alleged errors in a motion for new trial. A motion for a new trial is not necessary for appellate review, but if a defendant moves for a new trial he is limited on appeal to the grounds presented to the district court in the motion.

*City of Grand Forks v. Opp*, 2017 ND 52, ¶ 6, 890 N.W.2d 821 (citations and quotations omitted).

[¶8] In his motion for a new trial, Sah notes the evidence about sexual abuse and peppering and "contends that evidence of other physical abuse was not admissible." Sah did not state with particularity how or why the evidence was inadmissible and did not cite to any legal authority. Sah's conclusory arguments that evidence was not admissible did not preserve the issue of whether the evidence was admissible under N.D.R.Ev. 403 and 404(b) for appeal. *See City of Fargo v. McLaughlin*, 512 N.W.2d 700, 703 (N.D. 1994)

2

(stating questions not brought to the attention of the trial court are not preserved for review).

> Although such an issue can be raised on appeal from the judgment without making a motion for a new trial, where, as here, a motion for a new trial was made, the issue must be raised in that motion or it will not be considered on appeal.

*State v. Kopp*, 419 N.W.2d 169, 172 n.2 (N.D. 1988).

[¶9]   Although Sah did not properly preserve the issue, this Court may choose to review the issue as obvious error.  "An issue not raised in the trial court is generally not reviewable on appeal unless it constitutes 'obvious error' under N.D.R.Crim.P. 52(b)."  *State v. Hart*, 1997 ND 188, ¶ 22, 569 N.W.2d 451.  The burden to show an obvious error is on the appellant, and when it is not argued, it is difficult for an appellate court to conclude the burden is satisfied.  *State v. Thomas*, 2020 ND 30, ¶ 14 (citations omitted).  On appeal, Sah does not argue obvious error and we decline to address it.

### III

[¶10]   We affirm the judgment.

[¶11]   Lisa Fair McEvers
Gerald W. VandeWalle
Daniel J. Crothers
Jerod E. Tufte
Jon J. Jensen, C.J.