# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 46

State of North Dakota,                                  Plaintiff and Appellee

     v.

Dacotah Ryder Hanson,                                  Defendant and Appellant

## No. 20220215

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Joshua B. Rustad, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Nathan K. Madden, Assistant State's Attorney, Williston, ND, for plaintiff and appellee; submitted on brief.

Richard E. Edinger, Fargo, ND, for defendant and appellant.

**McEvers, Justice.**

[¶1]   Dacotah Ryder Hanson appeals from a criminal judgment entered after a jury found him guilty of leaving the scene of an accident involving death and manslaughter. Hanson argues the State commenting on his right not to testify created reversible error. Hanson also argues the evidence was insufficient to support the criminal convictions. We affirm.

I

[¶2]   On November 28, 2018, a fatal motor vehicle rollover occurred near Tioga, North Dakota. Officers responded and observed a pickup truck lying on its passenger's side in the middle of a field. Officers also observed a deceased male lying outside the passenger's side door of the truck. The truck was registered to Hanson.

[¶3]   At trial, law enforcement testified Hanson's cell phone and pack of cigarettes were located in a field near the truck. Further evidence was presented, including handprints and other markings on the roof and driver's side door, showing the driver had climbed out of the truck by the driver's side. The markings led from the truck to the direction of Hanson's residence. During closing argument, the State commented on Hanson's lack of an explanation for his theory of the case. Part of Hanson's defense theory suggested he was not the driver. The State asked how Hanson could have possibly extricated himself from underneath someone who is pinned under a truck. The defense objected on the grounds that the State was "coming dangerously close to saying the defendant needed to testify." The objection was overruled. The jury found Hanson guilty of leaving the scene of an accident involving death and manslaughter. Hanson appeals.

II

[¶4]   Hanson argues the State committed prosecutorial misconduct by improperly commenting during closing argument on his right not to testify.

1

[¶5] "It is a fundamental principle of constitutional law that a prosecutor may not comment on a defendant's failure to testify in a criminal case." *State v. Jennewein*, 2015 ND 192, ¶ 18, 867 N.W.2d 665 (citations omitted). "A comment on the silence of a defendant is an improper comment on the right to remain silent in violation of the Fifth and Fourteenth Amendments of the [United States] Constitution." *State v. Ebach*, 1999 ND 5, ¶ 15, 589 N.W.2d 566; *see also* N.D. Const. art. I, § 12; N.D.C.C. § 29-21-11. This Court reviews de novo a claim of a constitutional rights violation. *Jennewein*, at ¶ 18.

[¶6] In *Jennewein*, we explained:

> Generally, a statement that certain evidence is uncontroverted or unrefuted or uncontradicted does not constitute a comment on the accused's failure to testify where the record indicates that persons other than the accused could have offered contradictory testimony. In analyzing a claim that a particular comment was impermissible, we ask: "Was the language used manifestly intended to be, or was it of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify?" If an impermissible comment was made, we must be able to declare the error was harmless beyond a reasonable doubt after considering the entire record to affirm the conviction.

2015 ND 192, ¶ 18 (cleaned up).

[¶7] Here, the State commented on Hanson's lack of an explanation for his theory of the case. During closing argument, the State argued:

> MR. MADDEN: So how'd Dacotah get out from under somebody who's pinned by a 1969 Ford Truck? That's a lot of weight to bench press; isn't it? But the defense doesn't have an explanation for how the Defendant supposedly extricated himself.
>
> MR. SKEES: Objection, Your Honor. The State's coming dangerously close to saying that the Defendant needed to testify.
>
> MR. MADDEN: No. I am not. I'm just saying that they never provided an explanation. They tossed the thing out and didn't provide an explanation.

2

THE COURT: Well, overruled, but noted.

[¶8] In his opening statement, Hanson offered an explanation that he was not the one driving the vehicle when the rollover occurred. During closing argument, the State asked how Hanson could have possibly extricated himself from underneath someone who is pinned under a truck. The State's comment was not improper because the State did not comment on Hanson's failure to testify, nor was the comment intended to be a comment on Hanson's failure to testify. Instead, the State's comment focused on the inconsistencies present in Hanson's case. *See Ebach*, 1999 ND 5, ¶ 15 (holding a prosecutor's statement drawing attention to inconsistent testimony given at trial was not a statement requiring reversal); *United States v. Bentley*, 561 F.3d 803, 813 (8th Cir. 2009) (same, finding the comments neither "manifest the prosecutor's intention" to comment on Bentley's silence at trial, nor would the jury "naturally take them as a comment on the defendant's failure to testify"). We are not convinced the State's comment here was improper.

### III

[¶9] Hanson argues insufficient evidence exists to support the criminal convictions. After reviewing the record, we conclude substantial evidence exists for a jury to draw a reasonable inference that Hanson was the driver of the vehicle. We summarily affirm under N.D.R.App.P. 35.1(a)(3).

### IV

[¶10] We have considered the remaining issues and arguments raised by Hanson and conclude them to be either without merit or unnecessary to our decision. The criminal judgment is affirmed.

[¶11] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr