# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 48

State of North Dakota,

Plaintiff and Appellee

v.

James Paul Driver,

Defendant and Appellant

## No. 20230259

Appeal from the District Court of Ramsey County, Northeast Judicial District, the Honorable Lonnie Olson, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Meggan J. Crosby, Assistant State's Attorney, Devils Lake, ND, for plaintiff and appellee; submitted on brief.

Ulysses S. Jones, Devils Lake, ND, for defendant and appellant; submitted on brief.

**McEvers, Justice.**

[¶1]   James Driver appeals from an order denying his motions for judgment of acquittal and for a new trial after a jury found him guilty of fleeing or attempting to elude a peace officer, reckless endangerment, and driving under suspension or revocation. We affirm, concluding the district court did not abuse its discretion in denying the motion for a new trial, and did not err in denying the motion for judgment of acquittal because substantial evidence supports the convictions.

I

[¶2]   The State charged Driver with fleeing or attempting to elude a peace officer, reckless endangerment, theft of property, criminal trespass, and driving under suspension or revocation. The district court held a two-day jury trial.

[¶3]   On the first day of trial, Devils Lake Police Department (DLPD) Sergeant Andrew Johnson testified that on April 24, 2021, he received a report of a theft from Walmart and the description of the suspect's vehicle. Sergeant Johnson located the vehicle and initiated a traffic stop on the highway. As Sergeant Johnson approached the suspect's vehicle, the vehicle drove away. Sergeant Johnson and DLPD Officer Miranda Opdahl pursued the vehicle, with Bureau of Indian Affairs Officer Stacey Larocque taking the lead position once they entered the Spirit Lake Reservation. According to Sergeant Johnson, the squad cars were marked as police vehicles and the lights and sirens on all of the vehicles were activated. Sergeant Johnson testified that at one point he observed the vehicles traveling at 100 miles per hour on his speedometer. Officer Opdahl testified she passed 16 vehicles traveling on the other side of the two-lane highway, went around one vehicle in her lane, and saw the suspect's vehicle "drifting into the centerline." The suspect's vehicle eventually stopped near a wooded area and the suspect fled on foot. Officer Larocque testified that he saw the suspect's face, unobscured, and that he identified him after the chase as Driver by reviewing booking and social media photographs.

1

Sergeant Johnson and Officer Larocque pursued the suspect, but were unable to find him. Upon searching the vehicle, the officers found a drone in its box, which Officer Larocque described as "a new item in the packaging." Sergeant Johnson testified that Walmart's security device was wrapped around the box. The drone was admitted into evidence.

[¶4] On the second day of trial, the State moved to dismiss the theft and trespass charges because two of its witnesses were unable to travel to Devils Lake to testify due to the weather conditions. The district court dismissed the two charges. The jury found Driver guilty of fleeing or attempting to elude a peace officer, reckless endangerment, and driving under suspension or revocation. The court sentenced Driver and entered judgment.

[¶5] Driver moved for a judgment of acquittal, arguing there was insufficient evidence that he was the operator of the fleeing vehicle and that the vehicle was operated in such a manner as to manifest an extreme indifference to the value of human life. Driver also moved for a new trial, arguing the State presented irrelevant evidence and an improper opening statement concerning the dismissed charges of theft and trespass, prejudicing him. After oral argument, the district court denied the motions, concluding there was sufficient evidence to sustain the convictions and the opening statement was proper at the time it was given by the State.

II

[¶6] Driver argues the district court erred in denying his motion for a new trial. "On the defendant's motion, the court may vacate any judgment and grant a new trial to that defendant if the interest of justice so requires." N.D.R.Crim.P. 33(a). "A motion for a new trial must specify the alleged defects and errors with particularity." *Id*. We review a denial of a motion for a new trial under the abuse of discretion standard. *State v. Knight*, 2023 ND 130, ¶ 6, 993 N.W.2d 528. "A court abuses its discretion when it acts in an arbitrary, unreasonable, or capricious manner, or it misinterprets or misapplies the law." *Id*.

[¶7]   Driver contends that because the theft and trespass charges were ultimately dismissed, the State's opening statement outlining the evidence it intended to present on these charges was improper, and certain evidence—the drone and parts of Sergeant Johnson's testimony—was irrelevant. With respect to those charges, the State alleged Driver trespassed by entering Walmart after being served a notice against trespass and stole the drone.

## A

[¶8]   We have previously discussed opening statements and the latitude given to counsel in outlining the evidence:

> The purpose of an opening statement is to inform the jury what the case is all about and to outline to it the proof which the State expects to present, so that the jurors may more intelligently follow the testimony as it is presented. In such statement, counsel for the State should outline what he intends to prove, and it is not necessary that he name the witnesses who will present each bit of evidence. In outlining his proposed case, counsel should be allowed considerable latitude. Only where the prosecutor deliberately attempts to misstate the evidence will such opening statement be ground for reversible error. Where, as in this case, the prosecutor outlines the State's evidence, the failure to present such evidence by a particular witness he may name does not constitute prejudicial or reversible error in the absence of a showing of bad faith or a deliberate attempt to misstate the facts.

*State v. Marmon*, 154 N.W.2d 55, 62 (N.D. 1967); *see generally* Michael J. Ahlen, *Opening Statements in Jury Trials: What Are the Legal Limits?*, 71 N.D. L. Rev. 701 (1995) (discussing the purpose and scope of opening statements). "The scope of the opening statement rests largely in the discretion of the trial court, and [we] will not reverse a conviction on the ground that the opening statement was prejudicial unless there is a clear abuse of that discretion." *Marmon*, at 62. "The interests of justice require that the defendant in a criminal action receive a fair trial, not a perfect trial." *State v. Carr*, 346 N.W.2d 723, 726 (N.D. 1984).

[¶9] In its opening statement, the State advised the jury of the evidence to be presented on all counts, including the trespass and theft counts. Some of this evidence was not presented to the jury, including Walmart's surveillance video, testimony from Walmart employees, and evidence of the trespass notice. The district court concluded the State's comments in its opening statement concerning the dismissed charges were proper at the time. The court noted the State had a reasonable belief that the "witnesses would attend and testify to lay the foundation for the video and notice against trespass." The court concluded that the weather prevented witnesses from testifying and evidence from being introduced through no fault of the State. While the court made no specific finding that the State did not act in bad faith or deliberately misstate the evidence in providing its opening statement, these findings sufficiently show a lack of bad faith.

[¶10] In the preliminary instructions, the jury was instructed to not consider statements made by counsel as evidence. In the closing instructions, the jury was informed, "If counsel or [the court] have made any comments or statements concerning the evidence which you find are not supported by the evidence, you should disregard them and rely on your own recollection or observation." We "presume the jury followed the court's instructions." *State v. Patterson*, 2014 ND 193, ¶ 15, 855 N.W.2d 113.

[¶11] We conclude the district court did not abuse its discretion in denying the new trial motion on this ground.

B

[¶12] As to the relevancy of the drone and Sergeant Johnson's testimony, this evidence was relevant at the time it was admitted into evidence. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." N.D.R.Ev. 401. Sergeant Johnson's testimony and admission of the drone into evidence occurred on the first day of trial when the trespass and theft charges were still being tried. It was not until the second day of trial these charges were dismissed.

4

[¶13] A timely objection to this evidence could have been made after the district court dismissed the trespass and theft charges, but before the jury deliberated on the remaining offenses. The court could have instructed the jury to disregard specific evidence, such as the drone and Sergeant Johnson's testimony that Driver now claims is irrelevant and prejudicial. Driver failed to timely object to this evidence when the charges were dismissed, waiting until after trial to make the argument in his new trial motion. "Forfeiture is the failure to timely assert a right." *State v. Watkins*, 2017 ND 165, ¶ 12, 898 N.W.2d 442; *see also State v. White Bird*, 2015 ND 41, ¶ 24, 858 N.W.2d 642 ("A party may not later take advantage of irregularities that occur during a trial unless the party objects at the time they occur, allowing the court to take appropriate action, if possible, to remedy any prejudice that may result."). Because N.D.R.Crim.P. 52(b) applies to forfeited errors, *Watkins*, at ¶ 12, we review for obvious error.

[¶14] To demonstrate obvious error, the defendant must show there was an error that was plain, affecting his substantial rights. *State v. Kollie*, 2023 ND 152, ¶ 4, 994 N.W.2d 367. "The burden to show an obvious error is on the appellant, and when it is not argued, it is difficult for an appellate court to conclude the burden is satisfied." *State v. Sah*, 2020 ND 38, ¶ 9, 938 N.W.2d 912. Driver has not argued obvious error and therefore we decline to address the issue. *See id.*

[¶15] We conclude the district court did not abuse its discretion in denying Driver's motion for a new trial.

### III

[¶16] Generally, a party moving for a new trial is limited on appeal to the grounds presented in the motion. *State v. Ratliff*, 2014 ND 156, ¶ 29, 849 N.W.2d 183. An exception to that rule is when the party files a post-verdict Rule 29 motion for judgment of acquittal simultaneously with the motion for a new trial and the district court holds a joint hearing on the motions. *Id.* Under such circumstances, the issues in the motion for judgment of acquittal are preserved for appeal. *Id.* Because Driver filed both motions on the same day and the court held a joint hearing on the motions, the sufficiency of the

evidence arguments made in Driver's motion for judgment of acquittal were preserved for appeal.

[¶17] Driver argues the district court erred in denying his motion for judgment of acquittal because there was insufficient evidence to sustain his convictions. Viewing the evidence in the light most favorable to the verdict, we conclude there is substantial evidence to support his convictions. We summarily affirm under N.D.R.App.P. 35.1(a)(3).

IV

[¶18] The order denying Driver's motions for judgment of acquittal and for a new trial are affirmed.

[¶19] Jon J. Jensen, C.J.
  Daniel J. Crothers
  Lisa Fair McEvers
  Jerod E. Tufte
  Douglas A. Bahr