1999 ND 138

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Curtis John LEINEN, Defendant and Appellant.**

**No. 980391.**

Supreme Court of North Dakota.

July 14, 1999.

Steven D. Mottinger, Fargo, for defendant and appellant; submitted on brief.

Mark R. Boening, Assistant State's Attorney, Fargo, for plaintiff and appellee; submitted on brief.

NEUMANN, Justice.

[¶ 1] Curtis Leinen appeals from the trial court's December 10, 1998, criminal judgment and conviction. We affirm.

I

[¶ 2] On October 14, 1998, Leinen was found guilty by jury verdict of gross sexual imposition. On December 10, 1998, the trial court sentenced Leinen to ten years imprisonment, with eight years suspended for five years. Leinen appeals, arguing the trial court improperly admitted hearsay evidence during his trial.

II

[¶ 3] During the trial, on direct examination, the victim, a minor child, testified he had first told his biological father about Leinen's inappropriate contact with him, and that he told his mother later, and his biological father also told his mother about the incident. On cross-examination, the child admitted he had stated in a deposition taken approximately a month before trial that he had told his mother about the inappropriate contact first shortly after it had occurred. During cross-examination, the child also testified his mother had talked to him before the trial and asked if he had just gotten confused during the deposition. On redirect examination, the child reiterated he had first told his biological father about the incident with Leinen. Quite clearly, on cross-examination the defense challenged the credibility of the child and his mother by implying his mother had influenced the child before trial. The de-

fense continued its challenge during the cross-examination of the mother.

[¶ 4] During rebuttal, the State called Richard Van Camp, a social worker who had interviewed the child concerning the inappropriate contact with Leinen. Van Camp testified about his interview with the child concerning the events surrounding the inappropriate contact with Leinen. Van Camp also testified the child told him he had first told his mother, then his biological father, and then a school counselor about Leinen's inappropriate contact.

[¶ 5] Leinen timely objected to Van Camp's testimony, arguing it was cumulative, hearsay, and improper rebuttal testimony. The State argued Van Camp's testimony was not hearsay under Rule 801(d)(1)(ii), N.D.R.Ev. The trial court ruled in favor of the State finding the testimony admissible under Rule 801(d)(1)(ii), N.D.R.Ev.

[¶ 6] On appeal, Leinen argues Van Camp's testimony was inadmissible hearsay evidence, and that it's improper admission under Rule 801, N.D.R.Ev., constituted reversible error.

7] The trial court has broad discretion in evidentiary matters and, absent an abuse of discretion, we will not reverse its decision. *State v. Neufeld*, 1998 ND 103, ¶ 17, 578 N.W.2d 536.

[¶ 8] Rule 801, N.D.R.Ev., provides, in part:

(d) *Statements which are not hearsay.* A statement is not hearsay if:

(1) Prior Statement by Witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is ... (ii) consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive....

[2] 9] Three elements are needed for qualification as nonhearsay under Rule 801(d)(1)(ii), N.D.R.Ev. First, the declarant must have testified and been subject to cross-examination about the statement. N.D.R.Ev. 801(d)(1). Second, the statement must be offered to rebut a charge of recent fabrication or improper influence or motive. *Neufeld*, 1998 ND 103, ¶ 18, 578 N.W.2d 536; N.D.R.Ev. 801(d)(1)(ii). And finally, the statement must be a prior consistent statement made before the charge of recent fabrication or improper influence or motive arose. *Neufeld*, at ¶ 21.

[3] [¶ Here, the declarant, the child, testified and was cross-examined. The defense clearly implied an improper influence had affected the child's testimony. The statements the child made to Van Camp during their interview were made before the charge of implied, improper influence occurred. The only question remaining under Rule 801(d)(1)(ii), N.D.R.Ev., is whether the statements made by the child, and offered by Van Camp, were prior consistent statements.

[¶ 11] On rebuttal, the State called Van Camp to testify as to his entire interview with the child. Specifically, Van Camp recited the facts concerning the inappropriate contact with Leinen as told to him by the child. Van Camp also testified the child told him he had first told his mother, then his biological father, and also a school counselor. Under these circumstances, Van Camp's entire testimony was inadmissible under Rule 801(d)(1)(ii), N.D.R.Ev.

[¶ 12] The first reason for inadmissibility concerns the bulk of Van Camp's testimony, recounting the child's statements regarding the factual details of the inappropriate contact between the child and Leinen.

[¶ 13] Rule 801(d)(1)(ii), N.D.R.Ev., does not accord nonhearsay status to all prior consistent statements. *See Tome v. United States*, 513 U.S. 150, 157, 115 S.Ct. 696, 130 L.Ed.2d 574 (1995) (interpreting Rule 801(d)(1)(B), F.R.Ev., which is identical to North Dakota's Rule 801(d)(1)(ii), N.D.R.Ev.). Admissibility is granted only

to those statements offered specifically to rebut a charge of recent fabrication or improper motive or influence. *Id.* The Rule does not allow any and all prior consistent statements merely because a witness has been discredited. *Id.* The Rule speaks of rebutting a charge of improper influence or motive, not of bolstering the general veracity of a witness's testimony. *Id.* at 157–58, 115 S.Ct. 696. Van Camp's recitation of events concerning the incident of inappropriate conduct does not rebut any charge of recent fabrication or improper influence or motive. Quite clearly, the State was merely using Van Camp's testimony to generally bolster the child's testimony. This is not permitted under Rule 801(d)(1)(ii), N.D.R.Ev.

[¶ 14] The second reason for inadmissibility concerns the testimony Van Camp gave regarding which of the child's parents he had confided in first, the detail on which the charge of improper influence was based. During rebuttal, Van Camp testified:

Q. What did he say? (State's Attorney)

A. He said that his first disclosure was to his mother. They were watching a movie.

* * * *

Q. Did he say anything about disclosing to his father?

A. Yes, he did.

Q. What did he say?

A. He said they were watching—they were watching a late night TV show and he had disclosed to his father as well.

[¶ 15] On direct and again on redirect the child testified he had initially told his biological father. The testimony Van Camp gave is not consistent with the child's testimony. In fact, it is exactly opposite and supports the prior inconsistent deposition statement which was used to impeach the child on cross-examination. This is not a prior consistent statement qualifying as allowable nonhearsay under Rule 801(d)(1)(ii), N.D.R.Ev. Because the testimony was inadmissible under Rule 801(d)(1)(ii), N.D.R.Ev., we hold the trial court abused its discretion in allowing it.

[¶ 16] Under Rule 103(a), N.D.R.Ev., error may not be predicated on the erroneous inclusion of evidence unless a substantial right of the party is affected. *See State v. Hart,* 1997 ND 188, ¶ 21, 569 N.W.2d 451; N.D.R.Ev. 103(a). Having determined the entire rebuttal testimony of Van Camp was improperly admitted under Rule 801(d)(1)(ii), N.D.R.Ev., we must decide whether this constitutes reversible error. N.D.R.Crim.P. 52(a).

[¶ 17] The testimony Van Camp gave was merely cumulative to the other more direct evidence given during the trial. Erroneously admitted evidence which is cumulative to other properly admitted evidence is not prejudicial, does not affect substantial rights of the parties, and accordingly, is harmless error. *See State v. Messner,* 1998 ND 151, ¶ 24, 583 N.W.2d 109 (holding inadmissible cumulative testimony given by a social worker in a child sexual abuse case was harmless error). During closing argument, the State used Van Camp's rebuttal testimony describing what the child had told him to emphasize the consistency of the child's testimony as to the inappropriate contact with Leinen. However, it is clear from the transcript of the closing argument the State's emphasis on the child's consistency was centered on all the testimony and statements he had made about the inappropriate contact, whether they were to his mother, at the deposition, to his father, at the trial, or to Van Camp. Because the theme of consistency was a general one not tied directly to Van Camp's testimony, it does not affect our determination of harmless error.

III

[¶ 18] The criminal judgment and conviction entered by the trial court is affirmed.

[¶ 19] GERALD W. VANDE WALLE, C.J., and MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.