# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 106

State of North Dakota,                                    Plaintiff and Appellee

v.

Jorge Alberto Sanchez,                                    Defendant and Appellant

## No. 20220335

Appeal from the District Court of Walsh County, Northeast Judicial District, the Honorable Barbara L. Whelan, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Kelley M. Cole, State's Attorney, Grafton, ND, for plaintiff and appellee.

Samuel A. Gereszek, Grand Forks, ND, for defendant and appellant.

**McEvers, Justice.**

[¶1]   Jorge Sanchez appeals from a criminal judgment entered after a jury found him guilty of gross sexual imposition in violation of N.D.C.C. § 12.1-20-03(2)(c), sexual contact—victim unaware. Sanchez argues the district court erred by allowing hearsay evidence at trial. Sanchez also argues the evidence was insufficient to support the criminal conviction. We affirm.

I

[¶2]   During the early morning hours of October 22, 2021, Sanchez was at his sister's residence with the victim who was there babysitting her younger relatives. That evening, the victim was in a bedroom sleeping with a few of the younger children. The victim was awakened by Sanchez tugging on her pants and touching her vagina over her clothing. The victim attempted to move away from Sanchez, but he persisted in touching her, pushing his penis against her butt, and grabbing the bottom of her pants.

[¶3]   The victim's mother found out about the incident between Sanchez and the victim, and contacted law enforcement. The victim was forensically interviewed by an officer of the Grafton Police Department. Based on the interview, law enforcement arrested Sanchez for gross sexual imposition.

[¶4]   A jury trial was held in May 2022. During trial, Sanchez's counsel objected to the order of witnesses submitted by the State arguing part of the defense's theory was the victim fabricated her statements. He argued the victim must first testify and be subject to cross-examination under Rule 801(d)(1)(B), and then the testimony by other witnesses can be used to show the victim's testimony is consistent with the declarant's previous statement. Sanchez's counsel argued that allowing the victim to testify last made all testimony before hers inadmissible hearsay under N.D.R.Ev. 801(c). The district court ruled that the State could submit evidence in any order it wants, but it would do so at its own peril if the victim was not made available for cross-examination. The State called several witnesses, calling the victim

1

last. The witnesses and the victim all testified to what happened the night of the incident. The jury found Sanchez guilty of gross sexual imposition. Sanchez appeals.

## II

[¶5]   A district court has broad discretion in evidentiary matters, and we will not overturn a district court's decision to admit or exclude evidence unless the court abused its discretion. *State v. Azure*, 2017 ND 195, ¶ 6, 899 N.W.2d 294. The abuse of discretion standard therefore applies when reviewing a district court's evidentiary rulings under the hearsay rule. *Id.*

## A

[¶6]   Sanchez argues the district court abused its discretion in allowing witnesses to testify about statements the victim made to them before the victim testified. He argues none of the witness testimony can be characterized as not hearsay under N.D.R.Ev. 801(d)(1), which states:

> A statement that meets the following conditions is not hearsay:
>
> (1) A Declarant-Witness's Prior Statement. The declarant testifies and is subject to cross-examination about a prior statement, and the statement:
>
>> (A) is inconsistent with the declarant's testimony and, if offered in a criminal proceeding, was given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition;
>>
>> (B) is consistent with the declarant's testimony and is offered:
>>
>>> (i) to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying; or
>>>
>>> (ii) to rehabilitate the declarant's credibility as a witness when attacked on another ground[.]

2

[¶7]  Sanchez argues Rule 801(d)(1) requires the declarant to testify first and be subject to cross-examination before any other witness testifies as to what the declarant said, otherwise there is no way to determine whether the declarant's testimony is consistent or inconsistent with the declarant's prior statement. In *State v. Azure*, we held the district court abused its discretion when it allowed an agent to testify to statements the declarant made to him when the declarant was not available at trial. 2017 ND 195, ¶ 20. In *Azure*, the declarant died shortly before trial, so she was not available for cross-examination at trial. *Id*. at ¶ 3. We concluded the language of Rule 801(d) alone indicated the declarant's presence at trial is required. *Id*. at ¶ 17. We further concluded the error was not harmless because the agent's testimony was not merely cumulative to the declarant's testimony from a preliminary hearing admitted into evidence; rather, the agent's testimony included significantly more details than the declarant's previous testimony. *Id*. at ¶ 24.

[¶8]  We have previously discussed other requirements for admission of evidence under Rule 801(d)(1). Assertions of recent fabrication or improper influence or motive made during counsel's opening statement may trigger application of Rule 801(d)(1)(B)[1], N.D.R.Ev. *State v. Burgard,* 458 N.W.2d 274, 279 (N.D. 1990) (addressing a previous version of Rule 801). In *State v. Leinen*, we stated three elements are needed for a statement to qualify as nonhearsay under Rule 801(d)(1)(ii):

> First, the declarant must have testified and been subject to cross-examination about the statement. Second, the statement must be offered to rebut a charge of recent fabrication or improper influence or motive. And finally, the statement must be a prior consistent statement made before the charge of recent fabrication or improper influence or motive arose.

1999 ND 138, ¶ 9, 598 N.W.2d 102 (cleaned up). Since the *Leinen* case, Rule 801(d)(1)(B) has been amended to also allow use of a prior consistent statement to rehabilitate the declarant's credibility as a witness when attacked on

---

[1] *See* Explanatory Note to N.D.R.Ev. 801, amended effective March 1, 2016, based on the 2014 amendment to Fed. R. Evid. 801.

another ground. The change was based on the 2014 amendment to Fed. R. Evid. 801.

[¶9] Federal precedent is also informative on the issue. *See State v. Helm*, 2020 ND 155, ¶ 6, 946 N.W.2d 503 (explaining that when a state rule is derived from a federal rule, this Court may look to the federal courts' interpretation of identical or similar language as persuasive authority for interpreting its rule). Under Federal Rule of Evidence 801(d)(1)(B), a prior out-of-court statement offered for the truth of the matter asserted is admissible if it is "consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive." *Ross v. Saint Augustine's College*, 103 F.3d 338, 341 (4th Cir. 1996). However, admission of such corroborating statements before the impeachment of the declarant may constitute reversible error. *United States v. Bolick*, 917 F.2d 135, 138 (4th Cir. 1990).

[¶10] In *Bolick*, Michael Bolick was convicted for conspiring to sell and selling cocaine. 917 F.2d at 136. The government's case against Bolick relied exclusively on the observations of three witnesses who were present when Bolick supplied an individual with cocaine. *Id*. An undercover government agent had purchased cocaine from an individual who allegedly acquired the cocaine from Bolick. *Id*. At trial, the agent testified first as to his discussions with each of the witness-declarants, despite never having direct contact with Bolick. *Id*. The court concluded that because the government's entire case against Bolick consisted of bolstered statements from declarants whose character for veracity was extremely doubtful, the failure to obey the requirements of the declarant testifying first under Rule 801(d)(1)(B) constituted reversible error. *Id*. at 140. The court's ruling in *Bolick* was aimed at a trial strategy in which the government attempted to minimize the unpalatability of its witnesses by substituting the statements of a federal agent for the statements of three felons, two of whom were testifying on behalf of the government in exchange for recommendations of a reduced sentence. *Id*. at 136.

[¶11]  After reviewing our case law and federal precedent on Rule 801, we are convinced the State violated the sequence required by the rule by having the declarant-victim testify after the witnesses testified regarding her prior statement. It was clear from the record the defense's theory was the victim fabricated her story and intended to impeach her testimony. The plain language of the rule shows that the declarant must testify first. A declarant's testimony cannot be rebutted or rehabilitated with a prior consistent statement without first being impeached or attacked. This sequence ensures that the trier of fact has the opportunity to observe any cross-examination of the declarant in light of her testimony at trial. The district court abused its discretion by allowing hearsay testimony concerning prior statements made by the victim before the victim testified. We must next examine whether allowing the victim to testify after other witnesses testified regarding the victim's prior statements was harmless.

B

[¶12]  A district court's evidentiary error does not necessitate a reversal and remand for a new trial if the error was a "harmless error." *City of Grafton v. Wosick*, 2013 ND 74, ¶ 12, 830 N.W.2d 550. North Dakota Rules of Criminal Procedure 52(a) states: "[a]ny error, defect, irregularity or variance that does not affect substantial rights must be disregarded." "If evidence was admitted in error, this Court will consider the entire record and decide in light of all the evidence whether the error was so prejudicial the defendant's rights were affected and a different decision would have occurred absent the error." *State v. Doppler*, 2013 ND 54, ¶ 21, 828 N.W.2d 502 (cleaned up). "Erroneously admitted evidence which is cumulative to other properly admitted evidence is not prejudicial, does not affect substantial rights of the parties, and accordingly, is harmless error." *Leinen*, 1999 ND 138, ¶ 17.

[¶13] In *Azure*, after concluding the district court abused its discretion in allowing the agent to testify to statements the declarant made, we further concluded the error was not harmless because the agent's testimony was not merely cumulative to the declarant's prior testimony; rather, it included significantly more details than the declarant's testimony. 2017 ND 195, ¶ 24.

5

The situation here is notably different than in *Azure* because the declarant-victim was present at trial and thoroughly cross-examined. We have found no such evidence in the record that the testimony of the witnesses was anything but merely cumulative to the victim's testimony. The witnesses included family members of the victim and the officers who interviewed her about the incident. The testimony of the witnesses regarding the victim's previous statements was almost identical to the victim's testimony—that she was awakened to Sanchez behind her in bed, pushing his penis against her butt, tugging on her pants, and touching her vagina over her clothing. The witnesses did not testify to any additional details not testified to by the victim.

[¶14] Moreover, the situation here is similar to that of *Ross*. 103 F.3d at 341. In *Ross*, Leslie Ross testified at trial last despite being the declarant of a prior statement testified to by other witnesses. *Id*. at 340. The Fourth Circuit Court concluded that although the district court violated the sequence required by Rule 801(d)(1)(B) and *Bolick*, the violation did not affect the substantial right of a party and was harmless because none of the risks *Bolick* sought to avoid were present. *Id*. at 342. The statements attributed to Ross were already bolstered by other documentary evidence and Ross was subjected to cross-examination. *Id*. Ross was merely allowed to replace her testimony temporarily with testimony of persons with a similar character for veracity, and after being cross-examined, no admitted "corroborating" hearsay statement was left unlinked to impeachment efforts by the defendants. *Id*.

[¶15] Although the victim should have testified before other witnesses testified regarding her previous statements as required by the sequence under Rule 801, she was available for cross-examination, like in *Ross*. The victim's statements were already bolstered by other documentary evidence, which was admitted without objection. Sanchez cross-examined her regarding her previous statements. Sanchez's substantial rights were not affected here because the victim's testimony mirrored the testimony of the witnesses regarding her prior statements. As in *Ross*, the victim was merely allowed to replace her testimony temporarily with the testimony of persons with similar character for veracity. We conclude allowing the witnesses to testify regarding a prior statement before the declarant-victim was harmless error.

## III

[¶16] Sanchez also argues insufficient evidence exists to support the criminal conviction. After reviewing the record, we conclude substantial evidence exists for a jury to draw a reasonable inference that the victim was unaware while Sanchez made sexual contact with her. We summarily affirm under N.D.R.App.P. 35.1(a)(3).

## IV

[¶17] The criminal judgment is affirmed.

[¶18] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr