# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2025 ND 78

State of North Dakota,                    Plaintiff and Appellee

v.

Conrad Calvin Ziegler,                    Defendant and Appellant

### No. 20240269

Appeal from the District Court of McHenry County, Northeast Judicial District, the Honorable Michael P. Hurly, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Joshua E. Frey, State's Attorney, Towner, N.D., for plaintiff and appellee.

William D. Woodworth, Bismarck, N.D., for defendant and appellant.

**Tufte, Justice.**

[¶1]   Conrad Calvin Ziegler appeals from a district court amended judgment entered after a jury convicted him of criminal mischief and stalking. On appeal, Ziegler argues the district court erred in admitting testimony and exhibits into evidence over his hearsay objection. He also argues there was insufficient evidence to support his conviction for stalking. We affirm the amended judgment.

I

[¶2]   On May 25, 2023, the State charged Ziegler with criminal mischief in violation of N.D.C.C. § 12.1-21-05, a class C felony, and stalking in violation of N.D.C.C. § 12.1-17-07.1, a class A misdemeanor. The charges were based on Ziegler's actions toward a couple after they became witnesses against him in a separate criminal case stemming from a domestic violence incident reported by Ziegler's girlfriend on June 14, 2022.

[¶3]   On June 21, 2022, the couple were visiting with a neighbor at their home in Harvey when they noticed Ziegler repeatedly driving around the block. They recognized Ziegler, a former neighbor, and his blue pickup truck. After circling the block approximately twenty times, Ziegler parked in the neighbor's driveway and stated: "You better hide you effing midget." The neighbor had accompanied Ziegler's girlfriend to the police department when she made the domestic violence report the week prior. The couple reported the June 21 incident to law enforcement, and months later, in November 2022, the couple were subpoenaed to appear as witnesses in the domestic abuse case.

[¶4]   Three days after the couple received subpoenas to testify as witnesses in the domestic violence case against Ziegler, bags of human feces began appearing in their yard. From late November 2022 until Easter Sunday 2023, the couple found approximately forty to sixty bags of feces in their yard. On the advice of law enforcement, both the couple and their neighbor installed security cameras to monitor their yards. On the days the couple found bags of feces on their

property, the cameras captured vehicles similar to the blue pickup and navy-blue Trailblazer owned by Ziegler. Although the cameras never caught the face or license plates of the perpetrator, they documented one instance in which a person with Ziegler's build exited a blue pickup and tossed a bag into the yard.

[¶5]  In May 2023, one of the victims drove from Harvey to Drake, where she teaches high school, to attend graduation. Before leaving for Drake, the victim noticed Ziegler's Trailblazer parked at a neighbor's home. When she arrived at the school, the victim parked her vehicle—a Chevrolet Impala—and attended the graduation ceremony.

[¶6]  When the victim returned to her vehicle, she discovered that a front tire was flat. The victim then realized that all four tires were flat and had small slits in them. She found the school superintendent, and together they watched a video surveillance recording of the parking lot. The video shows Ziegler pulling up next to the victim's Impala in his Trailblazer. Upon exiting the Trailblazer, Ziegler opened the Impala's gas tank and used a funnel to pour a white substance from a gallon jug into the tank. Ziegler briefly entered his vehicle and then returned to the Impala with a knife in hand. The video shows Ziegler scraping the knife along the passenger's side of the Impala. After again allowing traffic to pass, Ziegler scraped the Impala further and carved words onto its trunk. He then punctured all four tires and scraped the Impala's roof and hood before driving away.

[¶7]  Pecuniary loss in excess of $2,000 is an element of criminal mischief under N.D.C.C. § 12.1-21-05(2)(b), and the testimony and exhibits at issue on appeal pertain to valuation of damages to the Impala. At trial, the victim testified to the valuation of damages to the Impala, an opinion based on her insurer's offer letters, which were also admitted into evidence. At trial, the district court overruled Ziegler's objection to the admission of the victim's testimony and the insurer's offer letters. Following a two-day trial, a jury convicted Ziegler of criminal mischief and stalking.

## II

[¶8]  Ziegler argues that the district court erred in admitting, over his hearsay objection, testimony and exhibits pertaining to the insurer's valuation of the Impala. The State responds that the testimony and exhibits were properly admitted under the property owner rule. We hold that although the insurer's offer letters were inadmissible hearsay, the district court's error in admitting the letters was harmless because the victim's testimony regarding valuation of the Impala, including her reliance on the insurer's letters, was properly admitted under the property owner rule.

## A

[¶9]  We review a district court's ruling on a hearsay objection for an abuse of discretion:

> The district court exercises broad discretion in determining whether to admit or exclude evidence, and its determination will be reversed on appeal only for an abuse of discretion. A district court abuses its discretion in evidentiary rulings when it acts arbitrarily, capriciously, or unreasonably, or it misinterprets or misapplies the law.

*State v. Vickerman*, 2022 ND 184, ¶ 8, 981 N.W.2d 881 (cleaned up). "Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. N.D.R.Ev. 801(c)–(c)(2). As a general rule, hearsay evidence is inadmissible. N.D.R.Ev. 802." *Id.* ¶ 9.

[¶10]  The insurer's offer letters are plainly hearsay. As a "written assertion," the letters constitute a "statement" under the hearsay rule. N.D.R.Ev. 801(a). The declarant—"the person who made the statement"—was the insurance adjuster. N.D.R.Ev. 801(b). The insurance adjuster did not testify at trial, and the letters were "offer[ed] in evidence to prove the truth of the matter asserted in the statement": valuation of damages to the Impala. N.D.R.Ev. 801(c)(2). The letters were also not admissible under an exception to the hearsay rule. Had the insurance adjuster testified at trial, the offer letters would likely have been

admissible under the business records exception. N.D.R.Ev. 803(6); *see State v. Henderson*, 2024 ND 42, ¶¶ 18–19, 4 N.W.3d 223. Without the insurance adjuster's testimony, however, the offer letters lacked sufficient foundation as records of regularly conducted activity under N.D.R.Ev. 803(6).

[¶11] The victim's testimony regarding valuation of damages to her Impala—although based on the insurer's offer letters—was not inadmissible hearsay. The victim's testimony regarding the value of the Impala was admissible under the property owner rule:

> "The general rule is that an owner of property may testify without qualification other than the fact of ownership as to its value." *See Pfliger v. Peavey Co.*, 310 N.W.2d 742, 747 (N.D. 1981). Hearsay rules do not prevent a property owner from presenting opinion testimony about the value of his property even if his opinion relies "upon information from another." *Id.* at 748 (affirming admission of a party's opinion testimony about the value of a building based in part on a company's estimate of repair costs) (citing *Baber v. Dennis*, 66 Ohio App. 2d 1, 419 N.E.2d 16 (1979)).

*In re Estate of Froemke*, 2023 ND 154, ¶ 17, 994 N.W.2d 419. *See Imus v. Huber*, 71 N.W.2d 339, 341 (N.D. 1955) ("The plaintiff as owner, and without the showing of further qualifications, testified that the value of the automobile immediately before the collision was $300 and immediately after the collision was $10. He was competent to so testify."); *see Seckerson v. Sinclair*, 24 N.D. 625, 140 N.W. 239, 241 (1913) ("It is well established that the owner of personal property may himself testify as to its value, without any other foundation being laid except as to his ownership and knowledge thereof."). The victim's testimony that Ziegler caused over $2,000 worth of damage to her Impala was properly admitted under the property owner rule.

B

[¶12] The district court erred in admitting the insurer's offer letters, but we will not reverse a district court's evidentiary error and remand for new trial if the error was harmless:

North Dakota Rules of Criminal Procedure 52(a) states: "[a]ny error, defect, irregularity or variance that does not affect substantial rights must be disregarded." If evidence was admitted in error, this Court will consider the entire record and decide in light of all the evidence whether the error was so prejudicial the defendant's rights were affected and a different decision would have occurred absent the error. Erroneously admitted evidence which is cumulative to other properly admitted evidence is not prejudicial, does not affect substantial rights of the parties, and accordingly, is harmless error.

*State v. Sanchez*, 2023 ND 106, ¶ 12, 991 N.W.2d 71 (cleaned up).

[¶13] After examining the entire record and all evidence, we conclude the jury would have reached the same conclusion without the erroneously admitted evidence. The victim's testimony that the damage to her Impala exceeded $2,000—an opinion she based primarily on the insurer's offer letters—was properly admitted under the property owner rule. Under the property owner rule, an owner may testify to the value of her personal property, even if that opinion "relies upon information from another." *Froemke*, 2023 ND 154, ¶ 17. The offer letters, although improperly admitted, "amounted to cumulative evidence on a matter already before the jury." *Boone v. Moore*, 980 F.2d 539, 542 (8th Cir. 1992). We conclude admission of the insurer's offer letters was harmless error.

### III

[¶14] Ziegler argues there was insufficient evidence to support his stalking conviction, because there was insufficient evidence to identify Ziegler as the perpetrator of stalking and to show he acted with a continuity of purpose.

[¶15] In reviewing sufficiency-of-the-evidence challenges, this Court applies a standard that is highly deferential to the verdict:

When reviewing challenges to the sufficiency of the evidence, we must view the evidence in a light most favorable to the verdict. The conviction rests on insufficient evidence if no rational factfinder could have found the defendant guilty beyond a reasonable doubt. In considering a sufficiency of the evidence claim, we do not weigh conflicting evidence, or judge the credibility of witnesses.

5

*State v. Geiger*, 2023 ND 222, ¶ 10, 997 N.W.2d 845 (cleaned up).

[¶16] Under N.D.C.C. § 12.1-17-07.1, "[a] person may not intentionally stalk another person." N.D.C.C. § 12.1-17-07.1(2). The State alleged that Ziegler engaged in "stalking," as it is defined under N.D.C.C. § 12.1-17-07.1(1)(c)(1):

> To engage in an intentional course of conduct directed at a specific person which frightens, intimidates, or harasses that person and which serves no legitimate purpose. The course of conduct may be directed toward that person or a member of that person's immediate family and must cause a reasonable person to experience fear, intimidation, or harassment[.]

N.D.C.C. § 12.1-17-07.1(1)(c)(1). "'Course of conduct' means a pattern of conduct consisting of two or more acts evidencing a continuity of purpose. The term does not include constitutionally protected activity." N.D.C.C. § 12.1-17-07.1(1)(a).

[¶17] The State presented sufficient evidence at trial to support the jury's finding that Ziegler stalked the couple. The evidence showed that Ziegler, over the course of several months, engaged in numerous acts of throwing bags of human feces into the couple's yard. Ziegler also followed one of the victims from Harvey to Drake and vandalized her vehicle. The State presented evidence to show that Ziegler began these acts three days after the couple was subpoenaed to testify in the domestic violence case against him and that he engaged in these repeated acts with the continued purpose of intimidating and retaliating against them. Further, Ziegler's argument on appeal ignores evidence presented at trial regarding his admission to law enforcement that the couple's security camera captured him driving down their alley in his blue truck, that he had thrown bags of feces into the couple's yard, and that his actions were a result of the couple's involvement in the domestic violence case.

[¶18] Viewing the evidence in the light most favorable to the verdict, we conclude that a rational jury could find that Ziegler stalked the couple in violation of N.D.C.C. § 12.1-17-07.1(2). Ziegler cannot meet his high burden to show that the evidence reveals no reasonable inference of guilt.

## IV

[¶19] We affirm the amended criminal judgment.

[¶20] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr